
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**STATE OF TENNESSEE v. GERALD CARTER**

**Appeal from the Circuit Court for Madison County**
**No. 91-806   Roy B. Morgan, Jr., Judge**

**_____**

**No. W2017-01555-CCA-R3-CD**

**_____**

The Appellant, Gerald Carter, appeals from the trial court's denial of his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER, JJ, joined.

Gerald Carter, Pro Se

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

In this appeal, the Appellant, Gerald Wayne Carter, challenges the trial court's summary dismissal of his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The trial court found that the motion of the Appellant failed to state a colorable claim and dismissed the same.

The appellate record in this matter contains only the motion of the Appellant, the response of the State of Tennessee and the order of the trial court dismissing the motion of the Appellant. From our review of the appellate record, we cannot find that the trial court erred in its dismissal of the Appellant's motion. We find that the "motion to correct illegal sentence pursuant to Rule 36.1 of Tennessee [Rules of] Criminal Procedure" filed by the Appellant was procedurally deficient and failed to state a colorable claim. Rule 36.1 states, in part:

> "(a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Except for a motion filed by the state pursuant to subdivision (d) of this rule, a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires. *The movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents. The motion shall state that it is the first motion for the correction of the illegal sentence or, if a previous motion has been made, the movant shall attach to the motion a copy of each previous motion and the court's disposition thereof or shall state satisfactory reasons for the failure to do so.*"

Tenn. R. Crim. P. 36.1 (emphasis added). The trial court pleading filed by the Appellant did not contain the information required by the Tennessee Rules of Criminal Procedure. The Appellant failed to attach copies of each judgment order at issue in this matter. Furthermore, based upon the response of the State of Tennessee and the ruling of the trial court, it appears that the Appellant has filed previous motions to correct his sentence. Even though he was required by rule to include the referenced judgments and to inform the court of his prior filings, the Appellant chose not to include either in his motion. As such, the motion of the Appellant is so deficient as to preclude judicial review. The trial court was not in error in dismissing the motion of the Appellant.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court, therefore, is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. MCMULLEN, JUDGE